UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STAR COLLER,
o.b.o. A.R., a Minor,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                          Case No. 1:14 CV 5

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security that Plaintiff is not entitled to Supplemental Security Income under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

        The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision, and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). The

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was born on September 23, 2002. (Tr. 14). On April 27, 2011, Plaintiff submitted an application for disability benefits, asserting that she has been disabled since April 1, 2011, due to oppositional defiance disorder. (Tr. 11, 146). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 73-125). On July 30, 2012, Plaintiff appeared before ALJ Christopher Ambrose, with testimony being offered by Plaintiff, Plaintiff's mother, and a medical expert. (Tr. 27-72). In a written decision dated August 28, 2012, the ALJ determined that Plaintiff was not disabled as defined by the Act. (Tr. 11-23). The Appeals Council declined to review this determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-6). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g).

## RELEVANT MEDICAL HISTORY

On May 26, 2011, Plaintiff was examined by Dr. Lorna Foster. (Tr. 260-61). The doctor reported that Plaintiff "challenges authority" and that her "school performance has not improved much." (Tr. 260). Plaintiff's medication regimen was modified. (Tr. 261). Treatment notes dated June 9, 2011, indicate that Plaintiff's school progress and behavior were not satisfactory and that she was "[s]till very argumentative and defensive with poor focus." (Tr. 259). Plaintiff's

3

medication regimen was again modified. (Tr. 259). Treatment notes dated June 27, 2011, indicate that Plaintiff's "current medications are working well" as Plaintiff was exhibiting "less oppositional behaviors" and "less impulsive argumentative tendencies." (Tr. 257). Plaintiff reported that "she feels the medications are helping." (Tr. 257). The doctor also noted that Plaintiff's "behavior decompensates when she misses her meds." (Tr. 257).

Treatment notes dated October 6, 2011, indicate that Plaintiff's "current medications are working well, school progress is satisfactory, behavior is satisfactory." (Tr. 248). The doctor further observed that "things are going much better at home [with] less outbursts, more acknowledgment of inappropriate behaviors." (Tr. 248). Plaintiff's mother reported that Plaintiff's "anger is less" with her current medication regimen. (Tr. 248). Treatment notes dated December 1, 2011, indicate that Plaintiff's "current medications are working well, school progress is satisfactory, behavior is satisfactory." (Tr. 247).

On June 8, 2012, Colby Sharp, Plaintiff's fourth grade teacher, completed a report concerning Plaintiff's functioning in various domains. (Tr. 169-76). With respect to the domain of acquiring and using information, Sharp assessed Plaintiff's functioning in 10 different areas. (Tr. 170). Sharp reported that Plaintiff experienced a "serious" problem in two areas, an "obvious" problem in three areas, and a "slight" problem in five areas. (Tr. 170). In the domain of attending and completing tasks, Sharp rated Plaintiff's level of functioning in 13 separate areas. (Tr. 171). Sharp reported that Plaintiff has a "serious" problem in four areas, an "obvious" problem in six areas, a "slight" problem in two areas, and "no problem" in one area. (Tr. 171). In the domain of interacting and relating with others, Sharp assessed Plaintiff's functioning in 13 separate areas. (Tr. 172). Sharp reported that Plaintiff experienced a "very serious" problem in four areas, a "serious"

problem in four areas, an "obvious" problem in two areas, a "slight" problem in two areas, and "no problem" in one area. (Tr. 172). In the domain of caring for herself, Sharp assessed Plaintiff's functioning in 10 separate areas. (Tr. 174). Sharp reported that Plaintiff experienced a "very serious" problem in one area, a "serious" problem in two areas, an "obvious" problem in two areas, a "slight" problem in one area, and "no problem" in four areas. (Tr. 174).

Treatment notes dated June 11, 2012, indicate that Plaintiff's "current medications are working well, school progress is satisfactory, behavior is satisfactory." (Tr. 240).

Plaintiff's mother, Star Coller, testified at the administrative hearing. She testified that Plaintiff attended "regular" classes in school and did not require special education assistance. (Tr. 37-38). When asked whether her daughter required "reading help or extra help at all in school," Coller replied that the school provides "extra help" for students who are "struggling" but that Plaintiff rarely required such assistance. (Tr. 38). Coller testified that Plaintiff enjoys reading. (Tr. 38). She also reported that Plaintiff "is involved in the American Legion Junior Auxiliary" participating in activities such as helping to make parade floats and participating in fund raising activities. (Tr. 38). Coller testified that Plaintiff also regular participates in swimming and cheerleading. (Tr. 36-39). Coller reported that Plaintiff has been repeatedly disciplined at school for engaging in disrespectful behavior, but has never engaged in "physical acting out" or property destruction. (Tr. 44-48).

Plaintiff also testified at the administrative hearing. Plaintiff reported that she likes school. (Tr. 58-59). Plaintiff reported that she has a friend with whom she regularly plays and gets along with "most of the time." (Tr. 59). Plaintiff reported that she enjoys participating in swimming and cheerleading as well as reading. (Tr. 59-60). Plaintiff reported that she made significant

improvement in school during the previous year and by the end of the school year was performing quite well. (Tr. 61-62). Plaintiff reported that she felt as if she was getting better at controlling her frustrations. (Tr. 65). Plaintiff also reported that she uses a computer to "go on Facebook and play games." (Tr. 66-67).

Dr. Kumar testified at the administrative hearing as a medical expert. The following exchange occurred between the ALJ and Dr. Kumar:

> Q      Were you able to identify any severe impairments in this case?
>
> A      Yes, Your Honor.
>
> Q      Go ahead.
>
> A      There is an oppositional defiance disorder at Exhibit 2-F and she's under treatment for that mood disorder Exhibit 2-F(5), adjustment disorder with anxiety Exhibit 2-F(11) on December 13, 2010, ADD 2-F(6) April 2011.
>
> Q      Do. . .any of the impairments meet a listing under the regulations?
>
> A      No, Your Honor.
>
> Q      Can you go through the functional domains and give your opinion as to what level of limitation, if any, the claimant exhibits?
>
> A      Using information attending and completing tasks, less than mild. Interacting and relating with others less than mild. Moving about and manipulating objects no limitation. Self-care no limitation. Healthiness and well-being no limitation.
>
> Q      On the interacting and relating with others, I notice that you said less than marked. Even with the suspensions and some of those issues, you didn't feel that it rose to the level of marked in your opinion?
>
> A      Your Honor, if you look at the teacher's evaluations, there are some 4 and 5 [ratings]. On the other hand, when you look at

>      her interaction in other activities, when she wants to get along, she can get along. With that, I give[] her l[e]ss than mild.

(Tr. 67-68).

## ANALYSIS OF THE ALJ'S DECISION

Federal law provides that an "individual under the age of 18" will be considered disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim pursuant to a three-step sequential process. 20 C.F.R. § 416.924.

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity she cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125. If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments. 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125.

After noting that Plaintiff was not engaged in substantial gainful activity, the ALJ proceeded to the second step of the analysis, finding that Plaintiff suffered from the following severe impairments: (1) oppositional defiant disorder; (2) mood disorder; (3) adjustment disorder with

anxiety; and (4) attention deficit disorder. (Tr. 14). At the third step of the analysis, the ALJ concluded that Plaintiff's impairments do not, individually or in combination, meet or medically equal any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 14-22). The ALJ further determined that Plaintiff's impairments do not functionally equal in severity any impairment identified in the Listing of Impairments. (Tr. 14-22).

To determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must evaluate how the child functions in each of six domains of functioning described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(a)-(b). To be considered disabled the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains of functioning are:

        (i)     acquiring and using information,
        (ii)    attending and completing tasks,
        (iii)   interacting and relating with others,
        (iv)   moving about and manipulating objects,
        (v)    caring for yourself, and
        (vi)   health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

The ALJ found that Plaintiff experienced marked limitation in the realm of interacting and relating with others. (Tr. 19-20). The ALJ found that Plaintiff experienced less than marked limitation in the following areas: (a) acquiring and using information and (b) attending and completing tasks. (Tr. 17-19). Finally, the ALJ found that Plaintiff experienced no limitation in the following areas: (a) moving about and manipulating objects; (b) caring for yourself; and (c) health

and physical well-being. (Tr. 20-22). Accordingly, the ALJ determined that Plaintiff was not disabled as defined by the Social Security Act.

**I.         Plaintiff has Waived any Argument Regarding Sentence Six Remand**

As part of her request to obtain review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional evidence which was not presented to the ALJ. (Tr. 5, 262-76). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. This Court, however, is precluded from considering such material. In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff has not requested that the Court remand this matter for consideration of this evidence. Plaintiff has, therefore, waived any such argument. *See, e.g., Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waves any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived); *Financial Resources Network, Inc. v. Brown & Brown, Inc.*, 2010 WL 4806902 at *30 n.29 (D. Mass., Nov. 18, 2010) (same).

## II. The ALJ Properly Assessed the Medical Evidence

Plaintiff asserts that the ALJ erred by according little weight to an opinion expressed by therapist Eric MacLeod. (Dkt. #14 at Page ID#330). Plaintiff has failed, however, to identify the particular opinion in question. Instead, Plaintiff merely identifies, by page number, the location in the ALJ's decision in which the ALJ addressed MacLeod's opinion. (Dkt. #14 at Page ID#330). A review of the page in question reveals that the ALJ concluded that "[t]he opinion of Eric MacLeod, MA that was stressed by the claimant's representative during the hearing is given little weight in this determination as Mr. MacLeod is not an acceptable medical source and his opinion is without support in the record." (Tr. 17). At the administrative hearing, Plaintiff's counsel made reference to a "psychological assessment" that MacLeod performed. (Tr. 70). Counsel asserted that during this assessment, MacLeod determined that Plaintiff's GAF score was 45. (Tr. 70). The Court reiterates that Plaintiff has failed to identify the location in the record of the "opinion" that forms the basis for this argument. Moreover, the identity or location of such is not immediately apparent.

10

Accordingly, the Court finds that the "opinion" which forms the basis of this particular claim is that MacLeod, at some unidentified period of time, rated Plaintiff's GAF score as 45.

The requirement that an ALJ articulate "good reasons" for affording less than controlling weight to a care provider's opinion only applies to opinions rendered by acceptable medical sources. *See, e.g., Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007). A therapist, however, is not considered an acceptable medical source. *See, e.g., Sherrick v. Commissioner of Social Security*, 2015 WL 165301 at *8 (S.D. Ohio, Jan. 13, 2015). Nevertheless, therapists and other unacceptable medical sources, are permitted to offer statements regarding "the severity of [a claimant's] impairment(s) and how [such] affects [her] ability to work." *See*, *e.g.*, 20 C.F.R. §§ 404.1513(d); 416.913(d).

When evaluating a statement from an unacceptable medical source, the ALJ is not required to assess such pursuant to any particular factors or benchmarks. *See*, *e.g.*, *Gayheart*, 710 F.3d at 378 ("[t]he factors set forth in 20 C.F.R. § 404.1527. . .apply only to medical opinions from acceptable medical sources"). Instead, the ALJ is required simply to "consider" statements from unacceptable medical sources. *See*, *e.g.*, *Gayheart*, 710 F.3d at 378 (quoting Social Security Ruling 06-03P, 2006 WL 2329939 at *4 (S.S.A., Aug. 9, 2006)). However, as the Sixth Circuit as indicated, the applicability of GAF scores in this context is quite limited. *See Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 511 (6th Cir., Feb. 9, 2006) ("we are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place").

The Global Assessment of Functioning (GAF) score refers to the clinician's judgment of the individual's overall level of functioning. American Psychiatric Association, *Diagnostic and*

11

*Statistical Manual of Mental Disorders* 32 (4th ed. 1994) (hereinafter DSM-IV). A GAF score of 45 indicates that the individual is experiencing "serious symptoms" or "any serious impairment in social, occupational, or school functioning." DSM-IV at 34. The ALJ afforded little weight to MacLeod's GAF assessment on the ground that "MacLeod is not an acceptable medical source and his opinion is without support in the record." (Tr. 17). Plaintiff concedes that MacLeod is not an acceptable medical source. A review of the scant record, including MacLeod's contemporaneous treatment notes, (Tr. 251, 253-56, 258), does not support the argument that Plaintiff is impaired or limited to an extent greater than that recognized by the ALJ. Accordingly, the Court finds that the decision to discount MacLeod's opinion is supported by substantial evidence.

**III.         The Assessment of Plaintiff's Functioning is Supported by Substantial Evidence**

Plaintiff next asserts that the ALJ erred by failing to conclude that she suffers from "marked" limitation in the following areas of functioning: (1) acquiring and using information; (2) attending and completing tasks; and (3) caring for yourself. A "marked" limitation is defined as one which "interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). A claimant's "day-to-day functioning may be seriously limited when [her] impairment(s) limits only one activity or when the interactive and cumulative effects of [her] impairment(s) limit several activities." A marked limitation "is the equivalent of functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.*

The domain of acquiring and using information refers to how well the child acquires or learns information and how well the child uses the information she has learned. 20 C.F.R. §

416.926a(g). A school-aged child (age 6-12) "should be able to learn to read, write, and do math, and discuss history and science." 20 C.F.R. § 416.926a(g)(2)(iv). The child "will need to use these skills in academic situations" as well as "daily living situations." 20 C.F.R. § 416.926a(g)(2)(iv).

While Plaintiff experiences certain difficulties in this area, as the ALJ recognized, Plaintiff "attends regular classes, has never been held back, and does not regularly receive or require special assistance to complete her assignments." (Tr. 18). The ALJ further observed that "when the claimant's medication is working well she exhibits less oppositional behaviors and less impulsive argumentative tendencies." (Tr. 18). Accordingly, the ALJ concluded that Plaintiff "has some limitation in this domain, but it is less than marked." (Tr. 18). This conclusion is supported by substantial evidence as the discussion above reveals.

The domain of attending and completing tasks refers to "how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them." 20 C.F.R. § 416.926a(h). A school-aged child "should be able to focus [her] attention in a variety of situations in order to follow directions, remember and organize [her] school materials, and complete classroom and homework assignments." 20 C.F.R. § 416.926a(h)(2)(iv). The child "should be able to change [her] activities or routines without distracting [herself] or others, and stay on task and in place when appropriate." 20 C.F.R. § 416.926a(h)(2)(iv). The child "should be able to sustain [her] attention well enough to participate in group sports, read by [herself], and complete family chores." 20 C.F.R. § 416.926a(h)(2)(iv).

With respect to Plaintiff's functioning in this particular area, the ALJ concluded as follows:

>     although Ms. Coll[e]r asserts the claimant needs frequent reminders to perform her chores, the claimant is able to complete then when she wants to according to Dr. Kumar. In addition, the claimant is a member of the Lakeview Acquatic Club and has swum competitively for three years, keeping up with her peers. She also belongs to the Junior Auxiliary of the American Legion, helps in parades making floats and selling poppies, and has a history of participating in the Cheer America Cheer Team. The claimant also testifies that she intends to play basketball during the season. Accordingly, the undersigned finds the claimant has less than marked limitation in attending and completing tasks.

(Tr. 19).

As the discussion above indicates, the ALJ's observations and conclusions are supported by substantial evidence.

The domain of caring for yourself considers "how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area." 20 C.F.R. § 416.926a(k). A school-aged child "should be independent in most day-to-day activities (e.g., dressing yourself, bathing yourself), although [she] may still need to be reminded sometimes to do these routinely." 20 C.F.R. § 416.926a(k)(2)(iv). The child "should begin to develop understanding of what is right and wrong, and what is acceptable and unacceptable behavior. . .begin to demonstrate consistent control over [her] behavior, and [she] should be able to avoid behaviors that are unsafe or otherwise not good for you." 20 C.F.R. § 416.926a(k)(2)(iv).

With respect to this domain, the ALJ found that Plaintiff enjoys various group activities, "tends to her personal needs in an age appropriate manner," and "likes reading, playing on the computer, and listening to music." (Tr. 21). The ALJ further observed that Plaintiff

consistently demonstrates a good appetite and sleeps well. (Tr. 21). The evidence of record supports the ALJ's observations and more than supports the conclusion that Plaintiff does not experience "marked" limitations in this domain of functioning. In sum, the ALJ's assessment of Plaintiff's functioning in the aforementioned domains is supported by substantial evidence.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: February 12, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge