UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STAR COLLER,
o.b.o. A.R., a Minor,

       Plaintiff,                                Case No: 1:14-cv-5

v                                               HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
                                        /

**<u>OPINION AND ORDER</u>**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying her claim for Supplemental Security Income (SSI), on behalf of A.R., a Minor. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation. Defendant filed a response to the objections (Dkt 19). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and enters this Opinion and Order.

**I**

On April 27, 2011, Plaintiff submitted an application for benefits, asserting that A.R. has been disabled since April 1, 2011, due to oppositional defiance disorder (Tr. [Dkt 7] 11, 146). Plaintiff's application was denied, and Plaintiff requested a hearing before an ALJ (*id.* 73-125). Following a hearing, the ALJ issued a written decision, determining that A.R. was not disabled as

defined by the Act (*id.* 11-23).  As part of her request to obtain review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional evidence that was not presented to the ALJ (*id.* 5, 262-76).  The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination, rendering the determination the Commissioner's final decision in the matter (*id.* 1-6).

Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g) (Dkt 1).  In her initial brief, Plaintiff argued that the ALJ's decision should be overturned based on the following purported errors:

> I. DID THE ALJ ERR IN FAILING TO FIND THE CLAIMANT'S DOMAINS OF ACQUIRING AND USING INFORMATION, ATTENDING TO AND COMPLETING TASKS AND CARING FOR HERSELF WERE NOT MARKEDLY LIMITED?
>
> II. DID THE ALJ ERR IN ACCORDING "LITTLE, IF ANY," WEIGHT TO THE OPINION OF THE CLAIMANT'S TREATING MENTAL HEALTH THERAPIST WHEN SUCH OPINIONS MUST BE CONSIDERED IN DETERMINING HOW HER IMPAIRMENT AFFECTS THE ABILITY TO FUNCTION, IN ACCORDANCE WITH 20 C.F.R. § 416.913(d)?

(Dkt 14 at 8).  The Magistrate Judge rejected both of Plaintiff's arguments.  Further, the Magistrate Judge noted that the Court was precluded from considering the additional evidence that had not been presented to the ALJ, where Plaintiff had not requested that the Court remand the matter for consideration of this evidence (R&R, Dkt 17 at 8).

In her objections to the Magistrate Judge's Report and Recommendation, Plaintiff presents the same two purported errors by the ALJ for this Court's review, to wit, that "the ALJ did not properly assess the medical evidence," and the assessment of A.R.'s "functioning is not supported

by substantial evidence" (Objs., Dkt 18 at 3, 5). Plaintiff also indicates that "[a] sentence six remand would be acceptable" (*id.* at 3).[1]

**A.  Medical Evidence Assessment**

In her first objection, Plaintiff argues that "[d]isability findings should have followed if the ALJ had properly analyzed the record," particularly the observations of A.R.'s teacher, physician, therapist, and mother (Objs., Dkt 18 at 3-5). Plaintiff points out that the ALJ "failed to credit therapist Eric Macleod's opinion at all and erred in doing so" because of Macleod's "familiarity with the child, observation, training and education" (*id.* at 5). Plaintiff concludes that "a remand to fully and legally consider all the relevant evidence and to give it appropriate weight is in order under either a sentence 4 or 6 remand" (*id.*).

Plaintiff's objection lacks merit, as a threshold matter, because she fails to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections," as required by this Court's local rule. *See* W.D. Mich. LCivR 72.3(b). The "purpose [of filing objections] is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that were considered by the magistrate judge." *Freeman v. Sec'y of Health & Human Servs.*, 972 F.2d 347, at *2 (6th Cir. 1992). *See also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (observing that where only "a general objection to the entirety of the magistrate's report" is lodged, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"); *Owens v. Comm'r of Soc. Sec.*, No. 1:12–CV–47, 2013 WL 1304470,

---

[1] Sentence six of 42 U.S.C. § 405(g) allows a remand to develop additional evidence in the record, "but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding."

at *3 (W.D. Mich. Mar.28, 2013) (determining that the court is "not obligated" to address objections that are "merely recitations of the identical arguments that were before the magistrate judge").

Nonetheless, the Court observes that the Magistrate Judge accurately enunciated the standard for evaluating a statement from an unacceptable medical source, such as a therapist (R&R, Dkt 17 at 11, citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013)).  The Magistrate Judge determined that the ALJ's decision to discount Macleod's opinion is supported by substantial evidence in the record (*id.* at 12).  That Plaintiff merely disagrees with the Magistrate Judge's recommendation does not demonstrate any factual or legal error in the Magistrate Judge's review.  Therefore, no remand is necessary based on Plaintiff's meritless objection to the Report and Recommendation.

Neither is a remand warranted based on the exhibits Plaintiff submitted to the Appeals Council.  As the Magistrate Judge pointed out, Plaintiff failed to request a remand and therefore waived the opportunity to request one (R&R, Dkt 17 at 10).  Plaintiff seems to concede as much in her Objections, where she indicates that she "submitted Exhibits 8F and 9F (AR 262-276) to the Appeals Council to help its review of the ALJ's decision and not to encourage the court to remand to allow the ALJ a second look at plaintiff's case based on the submitted exhibits" (Objs., Dkt 18 at 3).  Even assuming arguendo that Plaintiff could, for the first time at the district court stage make a remand request that was not also presented to the magistrate judge, Plaintiff's bare assertions at bar fail to satisfy the materiality and good cause requirements for granting a remand.  *See Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

    **B.**    **Functioning Assessment**

In her second objection, Plaintiff briefly argues that the assessment of A.R.'s functioning is not supported by substantial evidence (Objs., Dkt 18 at 5). However, this objection suffers from the same flaw as Plaintiff's first objection inasmuch as Plaintiff fails to comply with Local Civil Rule 72.3 and specifically identify the portions of Report and Recommendation to which her objection is made and the basis for such objection to the Report and Recommendation. In any event, the Court discerns no factual or legal error in the Magistrate Judge's review of the ALJ's assessment of A.R.'s functioning. The Magistrate Judge found that the ALJ properly evaluated A.R.'s difficulties and abilities in the respective domains of functioning and determined that the ALJ's conclusion is supported by substantial evidence (R&R, Dkt 17 at 13-15). Plaintiff's second objection is therefore also denied.

## II

In sum, neither of Plaintiff's objections reveal any error by the Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 18) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 17) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED. A Judgment will be entered consistent with this Opinion and Order.

Dated: March 10, 2015                                             /s/ Janet T. Neff  
                                                                             JANET T. NEFF  
                                                                             United States District Judge